# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TAMEKA HILL**                                                                   **CIVIL ACTION**

**VERSUS**

                                                                   **NO. 17-71-BAJ-RLB**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

       **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

       Signed in Baton Rouge, Louisiana, on May 18, 2017.

                                                                      **RICHARD L. BOURGEOIS, JR.**
                                                                      **UNITED STATES MAGISTRATE JUDGE**

| | |
|---|---|
| **TAMEKA HILL** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-71-BAJ-RLB** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 10).

**I.    Background**

On April 15, 2014, Tameka Hill ("Plaintiff") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana ("State Court"). (R. Doc. 1-2, "Petition"). Plaintiff alleges that while she was stopped in a vehicle, she was struck from behind by another vehicle driven by a minor. Plaintiff named as defendants the natural tutors of the minor (the "Shalchi Defendants"), the minor's insurer Allstate Insurance Company ("Allstate"), and her own uninsured/underinsured motorist ("UM") insurer State Farm Mutual Automobile Insurance Company ("State Farm"). (Petition, ¶ 1, 9-10). Plaintiff alleges that as a result of the accident she incurred injuries to her back, neck, arm, and hand. (Petition, ¶ 11). Plaintiff seeks recovery for various categories of damages, including physical pain and suffering; mental and emotional pain, anguish, and distress; medical expenses; loss of income and impairment of earning capacity; and loss of enjoyment of life. (Petition, ¶ 12).

On September 29, 2016, the State Court dismissed with prejudice Plaintiff's claim against the Shalchi defendants and Allstate after those parties reached a settlement. (R. Doc. 1-3 at 5).

On January 6, 2017, Plaintiff sought leave to file a First Supplemental and Amending Petition for Damages to add certain bad faith claims against State Farm. (R. Doc. 1-3 at 1-2, "Amended Petition"). After setting the matter for a contradictory hearing, the State Court entered the Amended Petition into the record on February 6, 2017. (R. Doc. 1-3 at 3).

Through the Amended Petition, Plaintiff asserts that on or about May 18, 2016, she supplied State Farm "with a life care plan together with an economist report that illustrated [her] past and future medicals were more than three (3) times the underlying liability limits, and policy limits were demanded." (Amended Petition, ¶ 14). Plaintiff also added claims in the Amended Petition for bad faith penalties pursuant to La. R.S. 22:1892 (formerly La. R.S. 22:658), and for exemplary damages, including attorney's fees, pursuant to La. R.S. 22:1973 (formerly La. R.S. 22:1220). (Amended Petition, ¶¶ 15-16).[1]

On February 8, 2017, State Farm removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).[2] State Farm asserts that there is complete diversity because it is a citizen of Illinois and Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 1). State Farm asserts that while the dismissal of the non-diverse Shalchi defendants on September 29, 2016 resulted in complete diversity, the amount in controversy was not satisfied at that time in light of the assertions in the original Petition. (R. Doc. 1 at 2).[3] State Farm asserts that the filing

---

[1] An additional pleading titled Plaintiff's "Second Supplemental and Amending Petition" is also attached to the Notice of Removal. (R. Doc. 1-4 at 1-2). The pleading asserts that State Farm violated its fiduciary duties owed to the insured in violation of La. R.S. 22:1973 and La. R.S. 22:1892. State Farm asserts that it does not know whether this pleading had been filed at the time of removal. (R. Doc. 1 at 4).
[2] State Farm also states in the Notice of Removal that "Plaintiff is believed to be an employee of the United States Postal Service, claiming an accident in a United State[s] Postal Service vehicle" and that "[q]uestions of federal law may apply to the case and claim for recovery." (R. Doc. 1 at 2). State Farm does not, however, affirmatively assert that the Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.
[3] Neither party has filed the applicable State Farm insurance policy into the record. There is no dispute, however, that the applicable policy limit is $25,000. (R. Doc. 1 at 2; R. Doc. 4-1 at 5; R. Doc. 10 at 7).

of the Amended Petition effectively "created a new suit with substantial new allegations, asserting additional new allegations and demands directed to the State Farm Mutual Insurance Company thereby making the amount in controversy over $75,000 for the first time." (R. Doc. 1 at 2-3). Finally, State Farm asserts that the amendments were made "in bad faith and/or are subject to equitable tolling and/or other exceptions from the 1 year time limitation which may be applicable to removals from state courts." (R. Doc. 1 at 3).

On March 1, 2017, Plaintiff filed the instant motion seeking remand for lack of subject matter and for procedural defects in removal. (R. Doc. 4). Plaintiff asserts that removal was made "one week prior to trial." (R. Doc. 4-1 at 2).

## II. Arguments of the Parties

In support of remand, Plaintiff argues that the Court does not have diversity jurisdiction over this action because State Farm is a non-diverse defendant in light of 28 U.S.C. § 1332(c)(1). (R. Doc. 4-1 at 10). Plaintiff also argues that the amount in controversy requirement is not satisfied because the applicable policy limit is only $25,000. (R. Doc. 4-1 at 4-6). In addition, Plaintiff argues that the removal is procedurally defective because it violates the 30-day period for removal pursuant to 28 U.S.C. § 1446(b); it violates the one-year restriction on removals pursuant to 28 U.S.C. § 1446(c); and State Farm has not filed all process, pleadings, and orders served upon the defendants in the action prior to removal as required by 28 U.S.C. § 1446(a). (R. Doc. 4-1 at 6-10). With regard to the one-year removal deadline, Plaintiff argues that State Farm relies on an inapplicable revival exception. (R. Doc. 4-1 at 8).

In opposition, State Farm argues that there is complete diversity between the parties because 28 U.S.C. § 1332(c)(1) does not operate to destroy diversity when an insurer sues its own UM insurer. (R. Doc. 10 at 2-4). Moreover, State Farm argues that in light of the addition

of bad faith claims, it is facially apparent from the Amended Petition that the amount in controversy requirement is satisfied. (R. Doc. 10 at 5-9). With regard to the asserted procedural defects, State Farm argues that removal was timely made 30 days after the filing of the Amended Petition pursuant to 28 U.S.C. § 1446(b); the bad-faith exception to 28 U.S.C. § 1446(c) applies because Plaintiff failed to amend the pleading in a timely manner prior to trial; and Plaintiff has not demonstrated that State Farm has violated 28 U.S.C. § 1446(a). (R. Doc. 10 at 9-14). Finally, State Farm also suggests that there may be federal question jurisdiction in this action pursuant to the Federal Employees Health Benefits Act ("FEHBA"), which, if correct, would remove the action from being subject to the one-year rule of 28 U.S.C. § 1446(c). (R. Doc. 10 at 14-15).

## III. Law and Analysis

### A. The 30-Day Removal Period

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

With regard to triggering the 30-day period for removal from the defendant's receipt of the initial pleading, as provided in § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).

It is undisputed that the initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading.

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth Circuit has provided that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in § 1446(b)(1).

Because State Farm removed the action the two days after the Amended Petition was entered into the record by the State Court, the Court need not determine whether the entry of Plaintiff's Amended Petition was sufficient so as to trigger the 30-day removal period provided in § 1446(b)(3). Either way, the removal does not violate the provision.

## B. The One-Year Removal Deadline

Although the Court finds that the removal did not violate the 30-day period under § 1446(b)(3), it must now address whether the removal was beyond the one-year period set forth in § 1446(c)(1). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The removal statute specifically provides that '[i]f the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B). The one-year removal period applies in this action because removal is based solely on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4]

---

[4] State Farm has not met its burden of establishing that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and, therefore, that the one-year period of removal does not apply to this action. Foremost, State Farm does not assert that there is federal question jurisdiction in the Notice of Removal. *See*, *supra*, footnote 2. In its Opposition, State Farm briefly asserts that federal question jurisdiction "potentially applies" in this action on the basis that Plaintiff was operating her vehicle in the course and scope of her employment with the United States Postal Service; Plaintiff may have received benefits pursuant to the FEHBA; and rights of reimbursement and subrogation against third parties under the FEHBA are governed by federal law. (R. Doc. 10 at 14). State Farm acknowledges that it does not know whether any reimbursement or subrogation claims have been made following the settlement of Plaintiff's claims with the Shalchi defendants and Allstate. (R. Doc. 10 at 14-15). The sole decision relied upon by State Farm merely supports the proposition that any subrogation claims asserted by non-parties to this action (i.e., the United States Postal Service or its plan) are governed by the FEHBA, and not state law; it does not address subject matter jurisdiction. *See Calingo v. Meridian Res. Co., LLC*, No. 11-628, 2013 WL 1250448, at *4 (S.D.N.Y. Feb. 20, 2013) (concluding that the FEHBA preempts New York law and granting defendants judgment on the pleadings). There are no claims pursuant to the FEHBA in this action. Even if a party in this action raised a state law claim that was preempted by the FEHBA, such preemption would not be "complete preemption" and result in federal question jurisdiction. *See Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 924 F. Supp. 67, 70 (W.D. Tex. 1996) ("Even looking beyond the express preemption language of FEHBA, the Court finds no support for complete preemption.").

6

Plaintiff commenced this action in State Court on April 15, 2014. State Farm removed the action nearly three years later on February 8, 2017. Accordingly, the removal is procedurally barred unless the record indicates that Plaintiff "acted in bad faith" in order to prevent State Farm from removing the action prior to the one-year deadline to remove. *See* 28 U.S.C. § 1446(c)(1); *see also Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003) (concluding, prior to the codification of the "bad faith" exception, that the one-year period for removal pursuant to section 1446(b) "is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit" if the circumstances indicate that a plaintiff "has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights.").

In the Notice of Removal, State Farm asserts that by seeking to amend the pleadings to add the bad faith claims, Plaintiff "created a new suit with substantial new allegations" and "contends that the actions on the part of the plaintiff are in bad faith and/or are subject to equitable tolling and/or other exceptions from the 1 year time limitations which may be applicable to removals from the state courts." (R. Doc. 1 at 3). Plaintiff argues that State Farm's assertion that the Amended Petition essentially created a "new suit" suggests that State Farm has relied, at least in part, on a "revival exception" to the one-year period of removal. (R. Doc. 4-1 at 7-8). The Fifth Circuit has held that a "revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). To be clear, the foregoing "revival exception" only applies to the 30-day time limit for removal provided by section 1446(b)(1) for actions that are initially removable, not the one-year deadline to remove an action provided by

7

section 1446(c)(1) where an action is not initially removable. *See Tran v. Thompson*, No. 14-263, 2014 WL 4161784, at *4 (M.D. La. Aug. 19, 2014); *Thomas v. Exxon Mobil Corp.*, No. 03-2269, 2003 WL 22533677, at *4 (E.D. La. Nov. 5, 2003). State Farm appears to acknowledge in its Opposition that the revival exception does not apply in this case. (R. Doc. 10 at 11).

In support of its position that the "bad faith" exception applies, State Farm argues that Plaintiff added the statutory bad faith claims "to prevent State Farm from removing the case to federal court (and also to ambush State Farm at trial)." (R. Doc. 10 at 12). State Farm asserts that the amendments demonstrate that Plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal," and a finding of bad faith is therefore mandated by the statute. (R. Doc. 10 at 2). State Farm further asserts that Plaintiff's bad faith is demonstrated by her assertion that the amendments were to clarify the damages in the original lawsuit and because Plaintiff sought to amend through an *ex parte* motion in violation of State procedural laws. (R. Doc. 10 at 12-13).

A similar procedural posture and arguments were addressed in *Tran v. Thompson*, No. 14-263, 2014 WL 4161784, at *4 (M.D. La. Aug. 19, 2014). In *Tran*, the plaintiffs filed their petition on August 21, 2008, alleging state law negligence claims against certain non-diverse defendants, including the East Baton Rouge Parish School Board and its employee, in light of their minor daughter's fall from a wheelchair. Just over one year later, on August 28, 2008, the plaintiffs filed an amended petition to name an excess insurer as a defendant. On October 15, 2013, the plaintiffs reached a settlement with the School Board, its employee, and the excess insurer. On December 23, 2013, the plaintiffs filed a second amended petition bringing product liability claims against four additional defendants for failure to properly design, manufacture, and warn of dangerous conditions in the wheelchair and its harness. The plaintiffs then moved to

8

dismiss the School Board, its employee, and the excess insurer, and the state court dismissed those defendants on March 26, 2014. At that point, there was complete diversity between the plaintiffs and the remaining defendants. One of the product liability defendants then removed the action on the basis of diversity jurisdiction.

The plaintiffs in *Tran* then sought remand to state court on the basis that the removal violated the one-year removal period under section 1446(c)(1). In opposition to remand, the defendants specifically argued that the one-year removal period did not apply because the plaintiffs engaged in bad faith conduct to prevent removal:

> Defendants argued the plaintiffs attempted to manipulate the rules to prevent removal by: (1) waiting more than five years to add entirely new claims and defendants in the Second Amended Petition; (2) waiting until after the settlement with the original non-diverse defendants to add the [product liability] claim against them; and, (3) waiting until just before dismissal of the non-diverse defendants to request service, so that service on the new defendants did not occur until after the non-diverse defendants were dismissed.

*Id*., at *5. In granting remand, the Court found the foregoing arguments unpersuasive. The Court specifically stated that it was "immaterial" whether the plaintiffs asserted product liability claims against the non-diverse defendants by filing their second amended petition "less than one year or more than one year after the filing" of the original petition. *Id*. Either way, "[t]he diverse defendants could not remove [the] case so long as the plaintiffs maintained their claims against the non-diverse defendants they originally sued." *Id*. Other decisions have made similar conclusions. *See*, *e.g.*, *Day v. W. World Ins. Co.*, No. 14-00348, 2014 WL 4373301, at *5 (M.D. La. Sept. 3, 2014) (remanding action because defendants did not establish bad faith within the meaning of section 1446(c)(2) where action was not removable during one-year period because "the plaintiffs had a pending state court suit alleging viable claims against the in-state defendants" and the out-of-state defendants "could not have removed the case whether they were added before or after one year from commencement of the state court suit" in light of section

9

1441(b)(2)); *Fruge v. Burlington Res. Oil & Gas Co. L P*, No. 14-02382, 2015 WL 4131353, at *3 (W.D. La. Mar. 30, 2015) (granting remand where record indicated that the plaintiffs pursued claims against non-diverse defendants and did not dismiss those non-diverse defendants until over two years after the commencement of the lawsuit), *aff'd*, 2015 WL 4134992 (W.D. La. July 7, 2015).[5]

State Farm's arguments in support of the bad faith exception to the one-year removal period are equally unpersuasive. There is no dispute that when Plaintiff commenced this action in State Court on April 15, 2014, the action was not removable because Plaintiff's claims against the non-diverse Shalchi defendants were still pending. Plaintiff dismissed her claims against the non-diverse Shalchi defendants on September 29, 2016, over two years after Plaintiff commenced the action. (R. Doc. 1 at 2). State Farm does not assert, much less demonstrate, that Plaintiff named the non-diverse Shalchi defendants at the commencement of this action for the purpose of defeating removal jurisdiction and/or acted in bad faith by not dismissing the non-diverse Shalchi defendants prior to the one-year deadline to remove. Indeed, the record indicates that Plaintiff settled her claims with the Shalchi defendants and State Farm after presenting them with her life care plan and economist report on or about May 18, 2016. (R. Doc. 1-3 at 5). There is no indication that Plaintiff did not pursue legitimate claims against the non-diverse Shalchi defendants and/or that the settlement and dismissal of those defendants after the end of the one-

---

[5] Although not argues by either party, one decision in this district has more recently held that where a plaintiff first demands "enforcement of the right to be free from injury under a negligence theory" from certain defendants in an original petition, and then amends the petition to assert a "second demand" for "enforcement of the right to be free from injury under a products liability theory" against new defendants, a new commencement date for the purposes of section 1446(c)(1) may be triggered for the later-added defendants. *See Gore v. Robertson*, No. 14-749, 2015 WL 5749459, at *3 (M.D. La. Sept. 30, 2015) (denying remand). This is distinguishable from the instant case and the Court finds the analysis and conclusions in *Day*, *Fruge*, and *Tran* applicable here.

year removal period was made for the improper purpose of defeating State Farm's ability to remove the action.

While Plaintiff may have moved to amend the Petition to add bad faith penalty claims against State Farm just one week prior to trial, that fact is immaterial for determining whether Plaintiff acted in bad faith to preclude removal during the actual one-year period in which removal must take place. State Farm could not remove the action within the one-year period of removal because of the presence of the non-diverse Shalchi defendants. Because there is no evidence that Plaintiff acted in bad faith to preclude removal during the one-year removal period, the Court need not determine whether Plaintiff (for whatever reason) "deliberately failed to disclose the actual amount in controversy" with regard to its claims against State Farm until just prior to trial. Even if Plaintiff asserted in an amended pleading filed prior to the close of the one-year period that she was seeking an amount exceeding the jurisdictional amount for diversity jurisdiction, such an amendment would not have triggered State Farm's right to remove in light of the presence of the non-diverse Shalchi defendants.

Accordingly, Plaintiff's acts or omissions regarding the amount in controversy, if even deliberate, were not done as "to prevent removal" as required by section 1446(c)(3)(B), because removal was precluded on the basis of non-diverse defendants during the applicable one-year period. State Farm has not demonstrated, and the Court does not find, any basis for applying the bad faith exception to the one-year removal period based upon actions by a plaintiff after the removal period expired.

IV.   **Conclusion**

Based on the foregoing, remand is appropriate because State Farm's removal of the action was more than one year after the commencement of action, and State Farm has failed to

11

establish that Plaintiff acted in bad faith to prevent removal prior to the conclusion of the one-year period allowed for removal of diversity actions. Accordingly, the Court need not address whether State Farm has met its burden of establishing that there is diversity jurisdiction in this action, or the other alleged procedural defect raised by Plaintiff.

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 4) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 18, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**